# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

---

## ISAAC N. RUMSEY, Appellant, v. FRANCIS P. COOK, AND OTHERS, Administrators, Respondents.

*Payments on judgment — proof of, offered to avoid statute of limitations — Declarations of party attempting to prove them, to the effect that there was no consideration for the judgment — that it was confessed to cover up judgment debtor's property — admissible to show improbability of payments having been made thereon — Illegal agreement — enforcement of.*

APPEAL from a judgment entered on the verdict of a jury, in favor of the defendants, and from an order denying a motion for a new trial.

The action was brought on a judgment entered in favor of the plaintiff against the defendants' intestate, on bond and warrant of attorney, on the 24th day of May, 1844, on which the plaintiff claimed to recover $3,018.48, with interest from that date, less the sum of forty-five dollars alleged to have been paid thereon in 1854, and the further sum of thirty-five dollars alleged to have been paid thereon in 1863.

The defendants denied the alleged payments, and interposed as a defense: (1), the statute of limitations,. and (2), that the judgment was entered, or confessed, without consideration, and to defeat the collection of a judgment which the intestate feared might then soon be recovered in an action of slander then pending against him.

On the trial, the jury found a verdict in favor of the defendants. A motion was made for a new trial, which was denied, judgment being entered on the verdict. The plaintiff appealed therefrom, and from the order denying the motion for a new trial, to the General Term.

The court at General Term say: "The only suggestion of error is this: that the defendants were allowed to prove, against objection, a declaration of the plaintiff to the effect that the judgment was fictitious, and was confessed to save Cook's property. In this, I think, there was no error. The statement occurred in a conversation in the presence of the witness, wherein the plaintiff said that 'Cook didn't owe him a dollar.' The question was then put as follows: 'Any thing more said?' The answer was: 'He said there was a fictitious claim (evidently referring to the judgment) that was given him, * * * but Abram never had any value for it; it was to save Abram's property.' To this evidence objection was interposed. Now, this was admissible as part of a conversation, a portion of which had already been received and accepted by the plaintiff, without objection. It also had a bearing on the subject of dispute, whether Cook had ever made, or the plaintiff had accepted the payments on the judgment, as he claimed. If the judgment was fictitious, a mere sham, entered with no intent of its ever being enforced, except for Cook's protection against his creditors, it would be improbable that payments had been offered and accepted thereon, as was alleged by the plaintiff. The case, on the evidence, was one where probabilities were proper matters for consideration, hence the evidence was admissible. This conclusion requires the affirmance of the order and judgment appealed from. Perhaps there may be a question whether this evidence was not admissible with a view of showing the judgment fraudulent and void. A transaction entered into to hinder, delay and defraud creditors, will be held valid between the parties, and will conclude them in so far as it has been executed; but can either party invoke the aid of the court to carry it into effect? It is a general rule that courts will not assist either party in an illegal transaction. So it has been said that when the parties to an illegal or fraudulent contract are in *pari delicto*, neither a court of equity nor a court of law will aid either of them in enforcing the execution of that which may be executory, or in revoking or rescinding that which may be executed. (See *Nellis* v. *Clark*, 4 Hill, 424, and cases cited under *Nellis* v. *Clark*, in Wait's Table of Cases.) But it is not proposed to discuss this point here, inasmuch as the case was not considered with reference to this defense at the Circuit. The

evidence objected to was, as we think, competent, on the question whether or not there had been a payment such as would relieve the plaintiff's case from the effect of the statute of limitations.

The judgment and order appealed from should be affirmed, with costs."

*John A. Williams*, for the appellant. *Ferris & Dowe*, for the respondents.

Opinion by Bookes, J.; Learned, P. J., and Boardman, J., concurred.

Judgment and order affirmed with costs.

---

SYLVANUS SHUMWAY, as Special Administrator of DANIEL CORNELL, Deceased, Respondent, v. WILLIAM COOLEY, BIRDSALL YALE and MERLIN J. FORD.

*Judgment — payment of by one debtor — right of to keep alive as against others — as against strangers.*

Appeal from an order made at the Special Term, denying a motion by Jesse Van Dusen to compel the plaintiff to satisfy of record a judgment obtained against the defendants, Cooley, Yale and Ford.

The judgment was recovered September 23, 1870, against the defendants, who had purchased, as partners, certain timber of the plaintiff's intestate. On February 24, 1870, Van Dusen took a mortgage of Ford for $1,500 upon land subject to the lien of the judgment. On the 14th of June, 1876, an execution was issued in Broome county against the defendant Cooley.

Cooley, to prevent the sale of his property, paid the fees of the sheriff upon the execution, then sought the plaintiffs and tendered the amount due upon the execution, demanding an assignment of the judgment to his friend Bixby, who appears to have advanced the money for Cooley, that he might enforce the judgment against his co-defendant Ford. The plaintiffs refused to give an assignment of the judgment, because forbidden to do so by Van Dusen, but offered to satisfy it, upon being paid the amount due. Cooley